IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY V. SANTUCCI,

                          Petitioner,

        v.                                        CASE NO. 19-3116-JWL

COMMANDANT, United States
Disciplinary Barracks,

                          Respondent.


## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas. He challenges his 2014 convictions by a general court-martial.

### Background

In 2014, a general court-martial convicted petitioner of one specification of rape, one specification of sexual assault, one specification of forcible sodomy, one specification of assault consummated by a battery (concerning TW), and two specifications of adultery, in violation of Articles 120, 125, 128, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 928, and 934. The court-martial also found petitioner guilty of one specification of making a false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907. Finally, the court-martial found petitioner not guilty of one specification of a sexual assault against JM, in violation of Article 120, UCMJ, 10 U.S.C. § 920.

Petitioner was sentenced to a dishonorable discharge, confinement for twenty years, and forfeiture of all pay and allowances. The convening authority approved the sentence. In

September 2016, the Army Court of Criminal Appeals (ACCA) conditionally set aside the conviction for the sexual assault of TW as an unreasonable multiplication of charges and affirmed the sentence. *United States v. Santucci*, 2016 WL 5682542 (Army Ct. Crim. App. Sep. 30, 2016).

In February 2018, the Court of Appeals for the Armed Forces (CAAF) granted review but affirmed the findings and sentence imposed. The United States Supreme Court denied certiorari in June 2018.

The events in question took place over the course of the afternoon and evening of July 5, 2013. TW went to the Paradise Bar near Fort Polk, Louisiana, where she had several drinks. Petitioner, who had recently turned 21 years old, arrived with friends. TW was several years older. She sat next to petitioner and bought him drinks, and the two danced. TW then asked petitioner if he wanted to go to his room to "play". They returned to his room in the barracks and engaged in sexual activity.

During that time, TW complimented petitioner's physique, and petitioner testified that throughout the evening, TW was awake and talking, and did not lose consciousness or indicate that she wanted to stop. Petitioner bit TW on her neck and arm and placed his hand on her neck, leaving marks. TW later dressed, kissed petitioner goodbye, and drove home. She declined to give her phone number because she shared the phone with her spouse.

Three hours later, TW went to an emergency room seeking a "morning-after pill"; she authorized a swab to test for STDs but not for DNA collection.

TW was examined by a nurse, who documented bruising and scratches on her arms, neck, and legs, teeth marks on her face, and redness on

her rectum.

Petitioner acknowledged in trial testimony that he engaged in sexual acts with TW but described their contact as consensual.

## Claims presented

Petitioner presents three claims for relief: (1) the military judge erred in failing to provide an instruction on mistake in fact; (2) the military judge erred in giving an erroneous propensity instruction; and (3) petitioner's trial defense counsel provided ineffective assistance.

## Standard of review

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c). A federal habeas court's review of court-martial proceedings is narrow. *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010). The U.S. Supreme Court has explained that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and that "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights." *Nixon v. Ledwith*, 635 F. App'x 560, 563 (10th Cir. Jan. 6, 2016)(unpublished)(quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)).

The federal habeas court's review of court-martial decisions generally is limited to jurisdictional issues and to a determination

of whether the military courts gave full and fair consideration to the petitioner's constitutional claims. *See Fricke v. Secretary of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007).

"[W]hen a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Thomas*, 625 F.3d at 670; *see also Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). Instead, it is the limited function of the federal courts "to determine whether the military have given fair consideration to each of the petitioner's claims." *Thomas*, *id.* (citing *Burns*, 346 U.S. at 145). A claim that was not presented to the military courts is deemed waived. *Id*. (citing *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)).

**Discussion**

*Expansion of the record*

Petitioner moves to expand the record to admit a report of a polygraph examination administered to him in November 2019 and the curriculum vitae of the polygraph examiner. The Court will grant the motion under Rule 7 of the Rules Governing Habeas Corpus and has considered the materials in its review of the record.

*Failure to instruct on mistake of fact*

Petitioner first claims the trial judge erred in failing to instruct the panel on mistake of fact concerning the specification of rape. As petitioner states, a military judge is required to give

those instructions that "may be necessary and which are properly requested by a party." RCM 920(e)(7).

The instruction sought reads:

The evidence has raised the issue of mistake on the part of the accused concerning whether (state the name of the alleged victim) consented to sexual intercourse in relation to the offense of rape.

If the accused had an honest and mistaken belief that (state the name of the alleged victim) consented to the act of sexual intercourse, he is not guilty of rape if the accused's belief was reasonable.

To be reasonable, the belief must have been based on information, or lack of it, which would indicate to a reasonable person that (state the name of the alleged victim) was consenting to the sexual intercourse.

In deciding whether the accused was under the mistaken belief that (state the name of the alleged victim) consented, you should consider the probability or improbability of the evidence presented on the matter.

You should also consider the accused's (age)(education) (experience)(prior contact with (state the name of the alleged victim)) (the nature of any conversations between the accused and (state the name of the alleged victim)) along with the other evidence on this issue (including but not limited to (here the military judge may summarize other evidence that may bear on the accused's mistake of fact)).

U.S. DEP'T OF ARMY, PAM. 72-9, MILITARY JUDGES BENCHBOOK, p. 493.

Petitioner argues the failure to provide this instruction prevented the panel members from receiving a clear statement that if they believed petitioner, who testified in his own behalf, was honestly mistaken as to TW's consent they could find him not guilty of raping her. He also argues that the failure to give the instruction deprived his counsel of the ability to argue this point effectively in closing.

The ACCA agreed that the failure to instruct on mistake of fact was an error. *Santucci*, 2016 WL 5682542, at *4. However, the ACCA found that the failure did not prejudice petitioner. The ACCA noted the panel received both testimony from TW and testimony from medical providers concerning the gravity of her injuries and concluded that "this was clearly not a situation from which appellant could have feasibly claimed an honest, reasonable, mistaken belief that TW was consenting to his misconduct." *Id*.  The ACCA also pointed out that although the panel was given the mistake of fact instruction concerning the forcible sodomy specification, defense counsel did not argue that petitioner mistakenly believed TW consented. Instead, defense counsel consistently presented a defense that TW actually consented, not that petitioner mistakenly believed that she had. *Id.* Based on these findings, the ACCA concluded that the failure to give the mistake in fact instruction did not contribute to the panel's verdict on the rape specification.

The Court has reviewed this analysis and concludes that the issue was given full and fair consideration in the military courts. It was thoroughly addressed by the ACCA. And, as respondent points out, the military judge instructed the panel that it must consider "all of the evidence concerning consent to the sexual conduct" and that "evidence that the alleged victim [TW] consented to the sexual conduct, either alone or in conjunction with the other evidence…may cause you to have reasonable doubt as to whether the government has proven that the

sexual conduct was done by unlawful force." (Doc. 1, p. 10, Attach. R.)

The Court concludes that the military courts gave this claim the consideration contemplated by precedent and that petitioner is not entitled to relief on this claim. *See Templar v. Harrison*, 298 Fed. Appx. 763, 765 (10th Cir. Oct. 30, 2008)(the district court must deny relief on a claim that has been afforded full and fair consideration).

*Jury instruction on propensity*

Petitioner next challenges the military judge's instruction stating that evidence of petitioner's rape of TW could be used as evidence of his propensity to commit the charged sexual assault of JM.

The ACCA agreed that the instruction was given in error, citing a recent decision by the CAAF, *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), which was decided after petitioner's court-martial. The ACCA quoted the statement from *Hills* that "[i]t is antithetical to the presumption of innocence to suggest that conduct of which an accused is presumed innocent may be used to show a propensity to have committed other conduct of which he is presumed innocent." *Santucci*, 2016 WL5682542, at *3 (quoting *Hills*, 75 M.J. at 356).

However, the ACCA held that the instruction, although erroneous, was harmless. First, it noted that there was no dispute concerning the occurrence of sexual contact between petitioner and TW and it found her injuries and testimony concerning her intoxication "le[ft] no doubt" that she did not consent. Second, the erroneous instruction

stated only that the sexual assault charged against TW could be used as evidence of a propensity to sexually assault JM, and the panel had acquitted petitioner of the assault of JM. The ACCA concluded that the panel members were able to properly apply the burden of proof to the offenses charged and that petitioner has suffered no prejudice from the erroneous instruction.

Because the record shows the ACCA fully and fairly considered this claim, the Court must deny relief.

*Ineffective assistance of defense counsel*

Petitioner next claims his defense counsel failed to provide adequate representation. The ACCA summarily rejected this claim, stating, "We have considered appellant's matters personally submitted under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one merits discussion but no relief."[1] *Santucci*, 2016 WL 5682542, at *1.

Case law in the Tenth Circuit establishes that where a military court has "summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion", it "has given the claim fair consideration". *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir 1986). Accordingly, the Court concludes that this claim must be denied.

*Failure to provide full and fair review*

Petitioner argues that the military courts did not provide full and fair review in his case and urges the Court to undertake an expanded review of his claims for relief. The Court has considered this argument

---

[1] Petitioner's claims of error, raised pro se under *Grostefon*, included a claim of ineffective assistance by defense counsel. Doc. 7, Tab K, pp. 55-62.

but concludes that this matter was given constitutionally adequate consideration in the military courts. Notably, the ACCA agreed that the military judge should have instructed the panel on mistake of fact and that the military judge erred in giving the propensity instruction. It is not the legal issue of whether the instructions were proper that is in dispute. Rather, it is the application of those findings to the evidentiary record that is the core of the argument. The military courts had the full evidentiary record and resolved the claims against petitioner. The Court finds these claims were given thorough consideration in the military courts, and this court may not re-evaluate the evidence. *See Thomas*, 625 F.2d at 670.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motion to supplement the record (Doc. 19) is granted.

**IT IS SO ORDERED.**

DATED: This 26th day of May, 2020, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
U.S. District Judge